# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                                    ORDER

          v.                                              04-cr-2-bbc-01

JOSHUA L. KOWALK

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Joshua L. Kowalk's supervised release was held on February 7, 2012, before U. S. District Judge Barbara B. Crabb.  The government appeared by Assistant U.S. Attorney David J. Reinhard.  Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman.  Also present was U. S. Probation Officer Melissa R. Lach.

From the record and the parties' stipulation, I make the following findings of fact.


## FACTS

Defendant was sentenced in the Western District of Wisconsin on July 28, 2004, following his conviction for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), a Class C felony.  He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 41 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on January 9, 2008. On July 22, 2009, I added Special Condition No. 8, requiring defendant to spend up to 180 days in a residential reentry center. This placement was in response to new criminal charges for felony strangulation and suffocation, misdemeanor disorderly conduct, and criminal damage to property, brought against defendant in the Circuit Court for Marathon County, Wisconsin, case no. 2009CF000459. The charges ultimately resulted in his July 12, 2010, conviction of three misdemeanors.

On December 23, 2010, defendant violated the mandatory condition requiring him to refrain from possessing, using, distributing or administering any narcotic or other controlled substance when he submitted a urine specimen that tested positive for marijuana.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.1(a)(3) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon finding of a Grade C violation. However, under 18 U.S.C. § 3583(g)(1), revocation is mandatory for possession of a controlled substance.

CONCLUSIONS

Defendant's violations require revocation. Defendant's criminal history category is VI. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose

term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence near the top of the guideline range. The purpose of this sentence is to hold defendant accountable for his violations and to achieve parity with the sentences of similarly situated offenders.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 28, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 10 months. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 7th day of February, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
U.S. District Judge